IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SUROCKEE BROWN,  # 17074-003, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 20-0089-JB-N |
| USA MEDICAL CENTER, | : | |
| Defendant. | : | |

REPORT AND RECOMMENDATION

Plaintiff, a federal prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review, it is recommended that this action be dismissed without prejudice, prior to service of process, for lack of subject matter jurisdiction.

I.  **Complaint.**  (Doc. 1).

Plaintiff Surockee Brown filed a brief complaint on behalf of his wife, Feirran Brown, deceased, on this Court's § 1983 complaint form.  (Doc.1, PageID.1).  USA Medical Center is named as the sole defendant.  (*Id.* at 1, PageID.1).  He also indicates that there may be other Defendants in that he refers to other "parties" (*Id.* at 1, PageID.1) and "TBD," which is interpreted by the Court as "to be determined."  (*Id.* at 5,

PageID.5).  According to plaintiff, he is "pursuing [this] civil action for the wrongful death, negligent care, and treatment under the (AMLA) Alabama Medical Liability Act 6-5-542(5) of [his] wife, Feirran Moore-Brown."  (*Id.* at 4, PageID.4).  He claims that on February 26, 2019, defendant negligently treated his wife, resulting in her death.  (*Id.* at 5, PageID.5).   For relief, plaintiff asks to be compensated with "monetary damages to the fullest extent of the law."  (*Id.* at 7, PageID.7).

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding *in forma pauperis*, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a complaint may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A complaint is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, *Tannenbaum v. U.S.,* 148 F.3d 1262, 1263 (11th Cir. 1998), but "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.,* 760 F.3d 1165, 1168–69 (11th Cir.) (citation and quotation marks omitted), *cert. denied,* 574 U.S. 1047 (2014). The court treats factual allegations as true, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal,* 556 U.S. at 681, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.), *cert. denied,* 493 U.S. 863 (1989).

### III. Discussion.

Plaintiff's complaint on its face contains several issues that subject it to be dismissed. One of these issues is the Court's lack of subject matter. The issue of a court's subject matter jurisdiction is the first matter to be considered when jurisdiction is in doubt. *U.S. v. Denedo,* 556 U.S. 904, 909, 129 S.Ct. 2213, 2219, 173 L.Ed.2d 1235 (2009). A federal court's jurisdiction is limited by the power granted to it by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377,

114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). "Because a federal court is powerless to act beyond its . . . grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). This inquiry should be done at the earliest stage in the proceedings and *sua sponte* whenever subject matter jurisdiction may be lacking. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

The jurisdiction of federal courts is limited by Article III of the Constitution to actual cases and controversies. *Elend v. Basham*, 471 F.3d 1199, 1204-05 (11th Cir. 2006).
At the core of the case-or-controversy doctrine is the required showing of the "triad of injury in fact, causation, and redressability." *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). It is plaintiff's burden to make this showing. *Id.* An injury in fact (i.e., "an invasion of a judicially cognizable interest") is shown when the harm/injury is "(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Elend*, 471 F.3d at 1207 (citation omitted). "[A] plaintiff without an injury in fact lacks Article III standing, and the federal courts do not have

jurisdiction over his or her complaint." *Stalley*, 524 F.3d at 1232. An unrelated interest will not suffice to give a plaintiff standing. *Id.*

The injury that is the basis for plaintiff's claim is his wife's death, which is alleged to be caused by defendant. Defendant caused no injury to plaintiff, but to his wife. Thus, plaintiff does not have standing to bring this action.

Moreover, plaintiff did not indicate that he was appointed the personal representative of his wife's estate. A personal representative, according to Alabama law, is the executor or administrator of the estate. *Waters v. Hipp*, 600 So.2d 981, 982 (Ala. 1992); *see* ALA. CODE § 6-5-410. An action for wrongful death must be brought by the personal representative of the estate. *King v. Pinkney*, 2017 WL 8159325, at *3 (S.D. Ala. 2017) (unpublished) (citing the Alabama Wrongful Death Act (ALA. CODE § 6-5-410, *et seq.*)).

> Alabama's wrongful death statute mandates two express conditions precedent that must be met before a court can entertain a cause of action pursuant to this statute of creation. First, only "a *personal representative* may commence an action … for the wrongful act, omission, or negligence of any person, persons, or corporation, his or her or their servants or agents, whereby the death of the testator or intestate was caused." ALA. CODE § 6-5-410(a). Second, "[t]he action must be commenced within two years from and after the death of the testator or intestate." ALA. CODE § 6-5-410(d).

*Id.* (emphasis added). Thus, the undersigned determines that plaintiff does not have standing to bring and proceed with this action.

IV. Conclusion.

Based upon the foregoing reason, it is recommended that this action be dismissed without prejudice, prior to service of process, for lack of subject matter jurisdiction. *Stalley*, 524 F.3d at 1232 ("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction . . . [,] [which] is not a judgment on the merits and is entered without prejudice.").[1]

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the

---

[1] Inasmuch as the lack of subject matter jurisdiction requires this action's dismissal, the Court is foregoing a discussion on the issues of negligence not being a recognized theory of liability under § 1983, *Daniels v. Williams*, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986), and of USA Medical Center being immune from suit by the Eleventh Amendment because it is an arm of the State, *see Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 412 (11th Cir. 1999).

absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this  19th day of  May, 2020.

                                              **/s/ KATHERINE P. NELSON**
                                              **UNITED STATES MAGISTRATE JUDGE**